UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | | |
|---|---|---|---|
| Gordon LAURIA | : | | |
|     Petitioner, | : | | |
| v. | : | Case No. | 3:01cv1893 (PCD) |
| | : | | 3:96cr185 (PCD) |
| UNITED STATES OF AMERICA, | : | | |
|     Respondent. | : | | December 20, 2006 |

**GOVERNMENT'S MEMORANDUM OF LAW IN
SUPPORT OF MOTION FOR RECONSIDERATION**

This memorandum of law is submitted in support of the government's motion for reconsideration of the district court's December 13, 2006 granting in part the defendant's motion pursuant to 28, United States Code, Section 2255.

Rule 60(b) of the Federal Rules of Civil Procedure provides in pertinent part as follows.

> (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
>
> * * *
>
> (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Id.

Additionally, Local Rule 7(c) of the United States District Court for the District of Connecticut provides that "[m]otions for reconsideration shall be filed and served within ten (10) days of the filing of the decision or order from which such relief is sought, and shall be

1

accompanied by a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order."

The government respectfully submits that the decision of the district court granting in part the motion of defendant Gordon Lauria to vacate, correct or set aside his sentence pursuant to Section 2255 overlooks the government's arguments appearing at or about pages 30 – 33 of the government's August 30, 2004 "Government's Response to the District Court's Order for Supplemental Briefing" ("Response"). In substance, the government argued that because the defendant was convicted of multiple counts, the aggregate sentence of 420 months imprisonment imposed by the sentencing court, while in excess of the prescribed statutory maximum 360 month term of imprisonment permitted on Count One, did not prejudice the defendant because the sentences on those counts could and should be run consecutively to achieve the aggregate sentence of 420 months.

**The Government's Stacking Argument**

In the government's Response, the government to discussed the plain error standard set forth in United States v. Cotton, 535 U.S. 625, 122 S.Ct. 1781 (2002), and argued that because the evidence of narcotics quantity was overwhelming and essentially uncontroverted, there was no question but that the jury would have found the 500 grams or more of cocaine necessary in the case of Lauria, who was subject to a Section 851 Notice, to trigger a statutory maximum lifetime term of imprisonment.

Although the indictment failed to allege a specific quantity of cocaine, it did not constitute plain error because the evidence of the amount of cocaine adduced at trial was sufficiently overwhelming to negate any error. A plain error analysis requires finding "(1) an

error, (2) that is plain, (3) that affects substantial rights." United States v. Doe, 297 F.3d 76, 82 (2d Cir. 2002) (citation omitted). "If an error meets these initial tests, the Court engages in a fourth consideration: whether or not to exercise its discretion to correct the error" and the "plain error should be corrected only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (citation and quotations omitted). In United States v. Cotton, 535 U.S. 625, 122 S.Ct. 1781 (2002), the Supreme Court found that there is "no basis for concluding that [an] error seriously affected the fairness, integrity or public reputation of judicial proceedings" where the evidence adduced at trial is "overwhelming" or "essentially uncontroverted." See id. at 633.

As detailed in the government's Response, evidence of drug quantity adduced at Lauria's trial was "overwhelming" and "uncontroverted" for three reasons. First, the facts of Cotton are essentially the same as the present case. The Supreme Court in Cotton found that even though no drug quantity was charged in the indictment, 380 grams of cocaine base seized during the investigation of the defendant was sufficiently overwhelming evidence to conclude that the error did not seriously affect the fairness or integrity of the trial, and that the jury, having found enough evidence to determine the conspiracy existed, would have found that the conspiracy involved more than 50 grams of cocaine base. Id. Here, the defendant participated in a drug conspiracy that involved over 600 grams of cocaine base and there was evidence that over 50 kilograms of cocaine were involved. If the Supreme Court deemed the seizure of 380 grams of cocaine base sufficiently overwhelming evidence of quantity to ensure the fairness and integrity of the trial in Cotton, then certainly uncontroverted and overwhelming evidence of 56 kilograms

3

of cocaine should be sufficiently overwhelming where, as here, the court need only find evidence that the offense involved 500 grams or more of cocaine.

Second, the Court of Appeals has previously described the evidence against the defendants as "overwhelming." United States v. Lauria, 199 F.3d 1324, 1999 WL 1012819 (2d Cir. 1999). Third, the defendant has never argued that the conspiracy involved less than the 500 grams of cocaine required to trigger a statutory maximum lifetime term of imprisonment – hence, the evidence of quantity was "uncontroverted."

For the reasons stated above and for the reasons stated in prior filings, including the government's Response, the government maintains that to the extent that the sentence exceeds the statutory maximum in violation of Apprendi, the sentence of the district court should not be disturbed because the evidence adduced at trial was sufficiently overwhelming and uncontroverted to satisfy the Supreme Court's standard in Cotton.

Even if the omission of drug quantity from the indictment constituted error, it was harmless because the defendant may receive the same effective sentence if he were to be resentenced pursuant to the default statutory maximum 30 year term of imprisonment prescribed by 21 U.S.C. § 841(b)(1)(C) where, as here, the defendant was convicted of multiple offenses. In the government's view, the district court's decision overlooks this argument, and the court should reconsider and change its decision.

The Second Circuit has held that an Apprendi error is harmless where, in the absence of the error, the defendant could have received the same sentence by application of the "stacking" provisions of U.S.S.G. § 5G1.2(d). United States v. McLean, 287 F.3d 127, 134-35 (2d Cir. 2002). The defendant was sentenced to 420 months for Count One of the indictment, which

exceeds the statutory maximum of 20 years prescribed by 21 U.S.C. § 841(b)(1)(C) where no Section 851 Notice has been filed, and exceeds the statutory maximum 30 years prescribed when a Section 851 Notice has been filed. The defendant, however, was also sentenced to 60 months imprisonment for Count Two and to 120 months for Counts Three and Four. Here, the Guidelines called for a sentence of 360 months to lifetime imprisonment and the sentencing court saw fit to impose a total effective sentence of 420 months. Thus, even if the sentence for Count One were to be vacated, pursuant to U.S.S.G. § 5G1.2(d), the district court would be required to resentence the defendant to a total effective sentence of 420 months by running part or all of the remaining counts consecutive to one another. Under those circumstances, the defendant's total aggregate sentence of 420 months would still fall within the total statutory maximum of 660 months available to the court at the time of sentencing.

In United States v. Outen, 286 F.3d 622, 639 (2d Cir. 2002), the Court of Appeals was confronted with a similar situation. There the defendant was convicted of multiple counts of conspiracy to distribute and distribution of marijuana, each of which was punishable by not more than 60 months. Although the district court imposed a sentence that exceeded the statutory maximum, the Court of Appeals affirmed the sentenced under the "stacking" provisions of the Sentencing Guidelines, see U.S.S.G. § 5G1.2(d). The court observed that,

> [E]ven if defendant's sentence on the conspiracy count is changed to sixty months, his total term of imprisonment (110 months) will not change; the conspiracy count will merely be run consecutively to the possession counts to the extent necessary to achieve that term. . . . We recently held, in United States v. Rivera, 282 F.3d 74 (2d Cir.2002), that if the district court had meant to impose a sentence on an § 841 conviction that exceeded the "default" maximum of twenty years (it was unclear that the district court had done so), any Apprendi error resulting from that sentence was nevertheless harmless because the defendant had also been sentenced to a concurrent term of life imprisonment on a Continuing

5

> Criminal Enterprise ("CCE") count under 21 U.S.C. § 848. See Rivera, 282 F.3d at 77-78.
>
> * * *
>
> Although Rivera did not involve application of "stacking," the principle--that an erroneous sentence on one count of a multiple-count conviction does not affect substantial rights where the total term of imprisonment remains unaffected--is equally applicable here. We see no basis to distinguish this case from Rivera. Like the panel in United States v. McLean, 287 F.3d 127 (2d Cir.2002), before whom this issue was simultaneously under consideration, we agree that we should join with our sister circuits in holding that where a defendant is convicted on multiple counts, any error in exceeding the statutory maximum on a single count is harmless if the application of U.S.S.G. § 5G1.2 would require the sentence on one or more of the remaining counts to be run consecutively so that defendant's total term of imprisonment remains unchanged. See Buckland, 277 F.3d at 1184-86; United States v. Angle, 254 F.3d 514, 518-19 (4th Cir.2001) (*en banc*); United States v. Price, 265 F.3d 1097, 1108-09 (10th Cir.2001); United States v. Smith, 240 F.3d 927, 930 (11th Cir.2001); United States v. Sturgis, 238 F.3d 956, 960-61 (8th Cir.2001), cert. denied, 534 U.S. 880, 122 S.Ct. 182, 151 L.Ed.2d 127 (2001); United States v. Page, 232 F.3d 536, 545 (6th Cir.2000), cert. denied, 532 U.S. 1056, 121 S.Ct. 2202, 149 L.Ed.2d 1032 (2001).

Outen, at 639-40.

Thus, assuming for the sake of argument, that evidence of 500 grams or more of cocaine adduced at trial was not overwhelming and thus, that the sentence constitutes an Apprendi violation; because the defendant's sentence of 420 months was lower than the total aggregate statutory maximum of 660 months available to the sentencing court, the petitioner cannot show that his substantial rights have been affected. (See Court's Order, page 7.) In contrast to United States v. Jordan, 291 F.3d 1091, 1095 (9th Cir. 2002), the defendant has not been sentenced to serve a day more in prison than the district court would have been permitted to impose pursuant to Guidelines Section 5G1.2(d), which instructs sentencing judges to run sentences consecutively to the extent necessary to achieve a fair and just Guidelines sentence where, as here, the defendant has been convicted of multiple offenses.

6

The Court of Appeals, moreover, has consistently upheld sentences applying the aforementioned stacking principle. In United States v. McLeod, 251 F.3d 78, 83 (2d Cir. 2001) (where district judge erroneously imposed total Guidelines punishment as to each count of conviction, even though that sentence exceeded statutory maximum for any individual count, Court of Appeals merely modified the judgment to reflect lower sentence on each count, but ran sentences consecutively to effectuate total Guidelines punishment); United States v. McLean, 287 F.3d 127 (2d Cir. 2002) (declining to remand or modify judgment where defendant failed to preserve Apprendi claim that sentence on each individual count exceed statutory maximum, because total effective sentence could have been imposed by running shorter sentences on each count consecutively); United States v. Blount, 291 F.3d 201, 213-14 (2d Cir. 2002) (same).

The Court adhered to this principle in United States v. Feola, 275 F.3d 216 (2d Cir. 2001) (per curiam). In that case, the defendant pleaded guilty to two counts, one for bank fraud and one for failing to file a tax return. He received a 24-month sentence on the fraud count, and a 12-month sentence (the statutory maximum) on the tax count, to run concurrently. On appeal, the defendant complained that his fraud count should have been lower, since it had been enhanced to 24 months only because of his tax loss – specifically, he argued that because the tax count had a 12-month statutory maximum, enhancement of his fraud count beyond the tax count's 12-month cap effectively violated Apprendi. The Court of Appeals disagreed, re-affirming its earlier holdings in White and McLeod that if "at least one count carries a statutory maximum greater than the prescribed total punishment, the sentences are concurrent, but if the total punishment exceeds the statutory maximums on all counts, the sentences are imposed consecutively to the

7

extent necessary to achieve the prescribed total punishment." 275 F.3d at 219. The Court also expressly rejected the argument that such stacking violated <u>Apprendi</u>:

> We recognize that in <u>Apprendi</u> the Supreme Court rejected the State's argument that the challenged sentence should have been upheld because the same aggregate sentence could have been imposed by using consecutive sentences. <u>Apprendi</u>, 530 U.S. at 474, 120 S.Ct. 2348. However, the vice in <u>Apprendi</u> was the imposition of a sentence on a single count (Count 18) in excess of the statutory maximum for that count. In the pending case, the appellant's sentences on each count is within the statutory maximum for that count. The consecutive sentence analogy from <u>White</u> therefore encounters no obstacle under <u>Apprendi</u>.

275 F.3d at 220 n.1.

### **The District Court Misconstrued Its Obligations under the Plain Error Analysis of *Cotton***

On page 39 of its ruling the district court distinguishes away the <u>Cotton</u> decision and its implications, holding that it is the obligation of the Court of Appeals – and not the district court – to determine under the fourth prong of plain error analysis if the sentence of the district court seriously undermines the fairness, public reputation or integrity of judicial proceedings. At first blush, the district court is correct inasmuch as the Court of Appeals is required to apply that standard on direct appeal. While this is an accurate statement of the obligations of the Court of Appeals when engaging in plain error analysis on direct appeal, it does not, however, absolve the district court of its obligations to apply this standard when determining in the context of a Section 2255 motion whether appellate counsel rendered constitutionally ineffective assistance of counsel. Whenever the district court is called upon to determine whether counsel rendered ineffective assistance of counsel, it is necessarily stepping into the shoes of the Court of Appeals when evaluating the performance of appellate counsel. Thus, if <u>Cotton</u> instructs that failure by appellate or trial counsel to preserve an <u>Apprendi</u>-styled claim that the indictment failed to allege

8

the threshold narcotics quantities does not satisfy the fourth prong of plain-error review, then that is what the Court of Appeals would have been obligated to hold on direct appeal. The district court, therefore, is required to acknowledge that fact when deciding in the context of a Section 2255 motion whether appellate and/or trial counsel rendered ineffective assistance.

In short, the district court's decision is internally inconsistent. Whereas the Court of Appeals would ordinarily find that failure to preserve the <u>Apprendi</u>-styled claim does not constitute plain error, this Court must necessarily make the same finding to the extent that it is determining whether the sentence of the district court that was imposed on the defendant seriously undermines the fairness, public reputation or integrity of judicial proceedings. It does not, and the sentence should not be disturbed.

Even assuming for the sake of argument that the district court were barred from applying the fourth prong of plain error analysis, the decision of the district court does not address the government's argument regarding the third prong of plain error analysis. As set forth in the government's Response, evidence that the offense involved well in excess of the 500 grams of cocaine necessary to trigger the higher statutory maximum life time term of imprisonment was overwhelming and uncontroverted. Thus, the defendant did not establish that failure to charge and prove the threshold quantity of narcotics was injurious to his substantial rights pursuant to <u>United States v. Neder</u>, 527 U.S. 1 (1999) – which holds that the existence of overwhelming and uncontroverted evidence on an omitted element of a particular count defeats a claim that the third, or substantial-rights, prong of plain-error review has been satisfied. The district court should not have granted in part the defendant's Section 2255 motion.

### The "Performance" Prong of *Strickland* Analysis Was Not Met

Finally, appellate counsel's performance cannot be construed as constitutionally deficient for failure to: (1) anticipate an Apprendi issue on direct appeal; or (2) file a supplemental brief with the Supreme Court after Apprendi was decided. At the time, that is prior to Apprendi, there existed clear Second Circuit precedent holding that the narcotics threshold quantities of Section 841 violations were not elements of the offense. Viewed in its proper historical and precedential context, therefore, it was not objectively unreasonable for counsel to doubt that Apprendi would overturn a clear and well-established line of precedent. This is particularly clear inasmuch as it took an *en banc* decision of the Court of Appeals in Thomas to do so.

Indeed, an attorney's conduct must be evaluated solely in light of the judicial precedent that existed at the time, because "[a]n attorney is not required to 'forecast changes or advances in the law.'" Sellan v. Kuhlman, 261 F.3d 303, 315 (2d Cir. 2001) (quoting Jameson v. Coughlin, 22 F.3d 427, 429 (2d Cir.1994)). "Clairvoyance is not a required attribute of effective representation." United States v. Gonzalez-Lerma, 71 F.3d 1537, 1541-42 (10th Cir.1995) (holding that trial counsel was not ineffective for failing to request continuance of sentence until pending legislation, which might have reduced defendant's sentence, was passed); see also Smith v. Singletary, 170 F.3d 1051, 1054 (11th Cir.1999) ("[A]s an acknowledgment that law is no exact science, the rule that an attorney is not liable for an error of judgment on an unsettled proposition of law is universally recognized . . . .") (internal quotation marks and citation omitted). The central question is whether, based on the then-existing precedent of the Supreme Court and the Second Circuit, a reasonably competent lawyer would have known that the indictment or jury instructions contained "'clear and previously identified errors.'" Aparicio v.

10

Artuz, 269 F.3d 78, 99 (2d Cir. 2001) (quoting Bloomer v. United States, 162 F.3d 187, 193 (2d Cir.1998)).

Similarly, it was not objectively unreasonable for appellate counsel not to have raised this issue. Again, this is particularly true given the other procedural hurdles which later case law acknowledges would have to be overcome. For example, counsel must demonstrate that the defendant suffered prejudice despite the fact that the "stacking" principle discussed above and in the government's Response provides that a defendant convicted of multiple counts whose total statutory maximum exceeds the sentence imposed is not deemed to have been prejudiced by a sentence which exceeds the statutory maximum of a single count of conviction. Neither is it unreasonable to fail to make an Apprendi-styled claim in light of the fact that case law *which existed at that time* provided (and continues to provide) that a defendant suffers no substantial injury to his rights in the face of overwhelming and uncontroverted evidence of the threshold narcotics quantity. See, e.g., United States v. Jackson, 180 F.3d 55 (2d Cir.), on rehearing, 196 F.3d 383 (2d Cir. 1999) (applying Neder).

In short, even if counsel had moved for a remand from the Supreme Court in light of Apprendi; and convinced the Court of Appeals to adopt the later rule of Thomas in Lauria's case, counsel still would not have been able to meet the "prejudice" or "fairness" prongs of plain-error review in light of cases like Neder, Cotton, and McLean.

## **CONCLUSION**

The decision of the district court granting in part the defendant's Section 2255 motion overlooks or misconstrues applicable, controlling case law and should, therefore, be

11

reconsidered. Upon reconsideration, the district court should find that the defendant's motion was without merit and should have been denied in its entirety.

> Respectfully submitted,
>
> KEVIN J. O'CONNOR
> UNITED STATES ATTORNEY
>
>
> ALEX V. HERNANDEZ
> SUPERVISORY ASSISTANT U.S. ATTORNEY
> 915 LAFAYETTE BOULEVARD
> BRIDGEPORT, CT 06604
> (203) 696-3000
> Federal Bar No.: ct08345

## **CERTIFICATION OF SERVICE**

This is to certify that on December 20, 2006, a copy of the within and foregoing was mailed, postage prepaid to the *pro se* defendant:

GORDON LAURIA, *pro se*
Prisoner Identification Number 10210-014
P.O. Box 1000
Otisville, New York 10963

_____
Alex V. Hernandez