UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GORDON LAURIA, | ) |
| Petitioner, | ) Case No. 3:96-CR-185-RNC |
| vs. | ) 3:01-CV-1894-RNC |
| UNITED STATES OF AMERICA, | ) May 16, 2018 |
| Respondent. | ) |

PETITIONER GORDON LAURIA'S COMBINED MOTION AND
MEMORANDUM OF LAW SEEKING JUDGMENT PURSUANT TO
D.CONN. LOCAL RULE 7(a)(1) RE: DOC. 631

## I. PRELIMINARY STATEMENT

Gordon Lauria, Petitioner pro se, respectfully moves for judgment in his favor pursuant to D.Conn. Local Rule 7(a)(1) regarding his pending motion seeking Fed.R.Civ.P. 60(b)(4) and (6) relief from the Court's April 5, 2007 ruling, entered in the docket as Document 631 ("Doc. 631"). For the reasons that follow, this motion should be granted and the relief sought in Doc. 631 should be granted for the reasons stated on pages 10-29 of that filing.

## II. BACKGROUND

On March 26, 2018 Lauria's Combined Motion and Memorandum of Law Seeking Fed.R.Civ.P. 60(b)(4) and (6) Relief From the Court's April 5, 2007 Ruling (Doc. 423) Based On New Information And Recent Authority Clarifying The Legal Standard, was filed in the docket of this case as Document 631.

That filing is not at all facially defective and is in fact based on a very firm factual and legal basis fully argued on pages 10-29 of that (Doc. 631) filing.

The motion was originally sent to the Clerk's Office and served on the government (AUSA Peter D. Markle) in January, but for some reason the motion was not docketed. Upon learning that, Lauria sent a second copy to the Clerk's Office and again served the government (AUSA Peter D. Markle) in March of 2018. That is the copy that was docketed on March 26, 2018.

Excluding the first time Lauria served the motion on the government in January of 2018 and counting just from the date Lauria's motion was actually entered in the docket (March 26, 2018), and at which point the government was notified electronically of Lauria's filing in addition to receiving two hard-copies, over 50 days have elapsed as of the date the motion is entered in the docket.

The government has not opposed the relief Lauria seeks in Doc. 631, nor has it moved to extend the D.Conn. Local Rule 7(a)(1) 21 day period within which any opposition to a motion must be filed.

### III. ARGUMENT

#### POINT ONE

FAIRNESS AND EQUALITY IN APPLYING THE LAW AND IN THE ADMINISTRATION OF JUSTICE MORE THAN AMPLY SUPPORTS THAT THIS MOTION AND THE RELIEF SOUGHT ON PAGES 10-29 OF DOC. 631 SHOULD BE GRANTED

Under D.Conn. Local Rule 7(a)(1), unless otherwise ordered by the Court, any opposition to a motion "shall be filed within twenty-one (21) days of the filing of the motion." Id. (Emphasis supplied). A failure to oppose a motion is "sufficient cause to grant the motion" so long as "the pleadings [themselves do not] provide sufficient grounds to deny the motion." Id.

See, Parise v. United States, 117 F.Supp.2d 204, 206 (D.Conn. 2000)(noting government did not file a timely opposition and granting petitioner's motion for reconsideration in 28 U.S.C. § 2255 proceeding seeking substantive sentencing relief and granting that relief).

In other words, if Doc. 631 can be deemed to raise absolutely no legitimate issue based solely on a review of only Doc. 631, then the Court can properly deny the motion. If the motion can fairly be read as raising a plausible issue within the scope of Rule 60(b)(4) and (6), then the unopposed motion should be granted.

A fair and objective review of Lauria's argument on pages 10-29 of Doc. 631 reveals grounds that are more than amply supported factually and legally that point in the direction of a need to grant the substantive sentencing relief Lauria ultimately seeks. At a very bare minimum, an amended judgment to accurately reflect what Lauria's sentence is based on is mandated so he can either seek the sentence reduction he is eligible for if Judge Dorsey's 2007 drug quantity findings are the applicable findings as to Lauria, or so he can pursue a direct appeal of his sentence if a new judgment against Lauria is going to be based on the 1997 findings Judge Dorsey repudiated in his 2006 ruling, which appeal would be based on Judge Dorsey's position in that 2006 ruling. As fully argued in Doc. 631, there cannot be a legal limbo/catch-22 situation such as there is now where the government get's to pick what findings (1997 or 2007) it wants to have applied to Lauria in the various contexts available for

Lauria to seek sentencing relief.

The government knows Lauria is correct and because that is so it has intentionally remained silent. Indeed, AUSA Peter Markle, who is still assigned to this case, has made it abundantly clear that he is well aware of the consequences of failing to oppose a filing. <u>See</u>, 2d Cir. Appeal No. 13-4760, Doc. 121, at 13 (AUSA Markle wrote: "The government's failure to respond to the motion [in issue in that appeal in this same case] was at its own peril....").

Thus, it is clear to any objective observer that the government expects this Court to, or hopes it will, formulate arguments on behalf of the government and subscribe to those arguments to deny Lauria the relief he is rightfully entitled to even though the government itself has not contested Doc. 631. Such an expectation or hope by the government is not at all within the scope of a fair and equal application of the law and is in fact a direct violation of the principle of party-presentation. <u>See</u>, <u>Greenlaw v. United States</u>, 554 U.S. 237, 243 (2008)("In our adversary system, in both civil and criminal cases, in the first instance and on appeal, we follow the principle of party presentation. That is, we rely on the parties to frame the issues for decision and assign to the court's the role of neutral arbiter of matters the parties present.").

This Court absolutely <u>should</u> <u>not</u> give the government any further opportunity to file anything, it should not formulate any arguments on the government's behalf, and it certainly should not grant the government a favorable ruling when the government has

willingly declined to oppose Lauria's motion knowing full well
(as expressed in its own words quoted above from another part of
this same case) the consequences of failing to oppose a motion.
It is respectfully submitted that the Court should confine its
review to an assessment of whether or not Lauria's arguments on
pages 10-29 of Doc. 631 are plausible and if so then the relief
sought should be granted since there has been no opposition to
that requested relief. The government knew from all of the prior
litigation in this case that this motion would be coming and it
should not expect this Court to function as both adversary and
judge when the government has not provided this Court any basis
for the denial of the sought relief. Simply put, the motion is
plausible and stands on firm facts and law, the government has
not opposed the relief sought, so the relief sought should be
granted.

Accordingly, this motion should be granted and the relief
argued for on pages 10-29 of Doc. 631 should be granted.

## IV. CONCLUSION

For the foregoing reasons, and because fairness and justice
will mean nothing if the law is not applied in a fair and equal
manner, the relief sought herein and in Doc. 631 should be
granted, and Lauria prays that this Court do so.

Respectfully submitted,

*Gordon Lauria*
Gordon Lauria, pro se
Reg. No. 10210-014
FCI Danbury
33½ Pembroke Rd.
Danbury, CT 06811

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on this 16th day of May, 2018, via prepaid U.S. First Class Mail, upon:

Peter Markle, AUSA
U.S. Attorney's Office
157 Church Street, 23rd Fl.
New Haven, CT 06510

By: *Gordon Lauria*
    Gordon Lauria