UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

GORDON LAURIA                         :
                                      :     Case Nos.      3:96cr185(PCD)
        v.                            :                    3:01cv1894(PCD)
                                      :
                                      :
UNITED STATES OF AMERICA              :     September 12, 2018

GOVERNMENT'S RESPONSE IN OPPOSITION
TO PETITIONER'S RULE 60(B) MOTION

The Government respectfully submits this response to petitioner Gordon Lauria's Fed. R.

Civ. P 60(b) motion seeking relief from the court's denial of his 28 U.S.C. § 2255 motion to

vacate, set aside or correct sentence.   Petitioner's newest challenge to the court's 2007 ruling is

baseless and the court lacks jurisdiction to consider said claims.   Lauria's motion is procedurally

deficient and without merit, and it should be denied.

1. RELEVANT FACTS AND PROCEDURAL BACKGROUND

Defendant-Petitioner Gordon Lauria ("Lauria"), was arrested by members of the New

Haven Drug Task Force on September 24, 1996 pursuant to a federal criminal complaint

charging him and two others with witness tampering in violation of 18 U.S.C. § 1512(b).

On April 3, 1997, a federal grand jury returned a four-count superseding indictment

against Lauria, Markos Pappas (Pappas) and Alexander Rogers ("Rogers"). Count One charged

Lauria, Pappas and Rogers with conspiracy to possess with the intent to distribute and to

distribute an unspecified amount of cocaine, in violation of 21 U.S.C. § 846. Counts Two and

Three charged Lauria and Pappas with conspiring to retaliate against a witness, in violation of 18 U.S.C. § 371, and with retaliation against a witness, in violation of 18 U.S.C. § 1513(b)(2). Count Four charged Lauria alone with retaliation against a witness.   Prior to trial, the Government filed a Notice pursuant to 21 U.S.C. § 851 that in the event of conviction, Lauria would be subject to the enhanced penalties provided for in 21 U.S.C. § 841.

A jury was selected on June 3, 1997, and the jury trial of Lauria, Pappas and Rogers began on July 21, 1997. On July 29, 1997, the jury found the defendants guilty on all counts. On March 31, 1998, Lauria was sentenced to a total effective sentence of 420 months (or 35 years) imprisonment and a $25,000 fine. He was sentenced to 420 months (or 35 years) imprisonment, followed by 10 years of supervision and a $25,000 fine on Count One; 60 months (or 5 years) imprisonment on Count Two; 120 months (or 10 years) imprisonment on Count Three; and 120 months (or 10 years imprisonment) on Count Four. The sentences on Counts Two, Three, and Four were to run concurrently with one another, and concurrent with the sentence imposed on Count One.

The defendant filed a timely notice of appeal. The Second Circuit rejected Petitioner's arguments, and affirmed his conviction. United States v. Lauria, No. 98-1214, 1999 U.S. App. LEXIS 26501, 1999 WL 1012819 (2d Cir. Oct. 19, 1999).

Over the course of the next decade, as evidenced by the docket sheet, Lauria has attempted to relitigate myriad issues regarding his guilt and his sentence.   Lauria's motions and claims have been consistently and appropriately denied by United States District Court Judge Dorsey, this court and the Second Circuit Court of Appeals.

2.      THE CURRENT RULE 60(b) MOTION

The Court is well aware of the claims brought by Lauria and they will not be recited and repeated in detail herein.   It is worth noting, however, that Lauria has challenged his conviction after trial on numerous occasions, including direct appeal as well as pursuant to 28 U.S.C. § 2255.   In addition, he has sought reconsideration of a number of orders issued by United States District Judge Dorsey and this Court and has attempted to appeal such rulings to the Second Circuit Court of Appeals, all with no success.   Lauria now seeks relief from a ruling which was issued in 2007.   Lauria offers little, if any, justification for the filing of this motion 11 years after the ruling he now seeks to challenge once again.   Lauria seeks to have his 28 U.S.C. § 2255 motion reopened pursuant to Fed. R. Civ. P. 60 (b) (4) and (6).   He claims, with no basis, that he has uncovered "new information" and that a recent decision, <u>Buck v Davis</u>, 580 U.S. __ , 137 S. Ct. 759 (2017) allows for the relief sought.   Lauria's desperate attempt to relitigate a ruling issued more then ten years later is revealed by his reliance and misinterpretation of Fed. R. Civ. P. Sections 60 (b)(4) and (6).   As the petitioner's issues have been raised and ruled upon previously and he fails to identify any newly discovered evidence or applicable law, his motion should be denied.

As this court is well aware, the petitioner moved to vacate, set aside or correct his sentence in 2001 pursuant to 28 U.S.C. § 2255.   That relief was denied by United States District Court Judge Dorsey and the denial was affirmed on appeal.   Three years after that denial of relief was affirmed by the Second Circuit Court of Appeal, Lauria filed a motion pursuant to Fed. R. Civ. P 60 (b).   That motion was denied in April of 2016.   Subsequently, in January of 2017, a certificate of appealability was denied.

3

3.      DISCUSSION

Petitioner now seeks to challenge and relitigate the propriety of his sentence.   This issue has been raised and decided previously and should not be entertained again.   As petitioner states in his memorandum:   "It is also well settled that a motion for reconsideration is not a vehicle to simply rehash already rejected arguments."   Shrader, 70 F. 3d at 257.   The petitioner also cites to Buck v. Davis, 580 U.S. __(2017), which holds: "Rule 60(b)(6) is available only in "extraordinary circumstances."   See Buck at 21, citing Gonzalez, 545 U.S., at 535.   In the instant case, no factors exist which constitute "extraordinary circumstances" such as the risk of injustice to the parties or the risk of undermining the public's confidence in the judicial process." Buck, at 21.   To the contrary, the history of this case establishes that petitioner's trial and sentence has been the subject of a great deal of litigation and United States District Court Judge Dorsey and this Court have taken every appropriate measure to insure that petitioner's claims and issues have been given proper attention and consideration.   The fact that petitioner's claims and the relief he seeks have been repeatedly and consistently denied is due to their lack of merit, not due to any failure to properly consider said claims.

Petitioner contends that a certificate of appealability is now required in light of Buck v. Davis, 580 U.S. __, 137 S. Ct. 759 (2017).   Although Buck does discuss the standard for a certificate of appealability, it does not lend any support to petitioner's argument.   Buck involved a capital murder case where it was found that race, improperly, was allowed to be considered as a factor by the jury.   In the course of addressing that obvious impropriety, the Court stated, "A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal. . ..Federal law requires that he first obtain a certificate of

4

appealability from a circuit justice or judge.   28 U.S.C. § 2255 (c)(1).   A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253 (c)(2).   See <u>Buck</u>, at 12.   No such showing has been or can be made by petitioner on the facts or history of the instant case.   Petitioner's requested relief is premised on a challenge as to the validity of his sentence.   Because petitioner challenges the validity of his sentence, he must raise this issue through a petition under § 2255. See <u>Chambers v. United States</u>, 106 F.3d 472, 474 (2d Cir. 1997); <u>Jiminian v. Nash</u>, 245 F.3d 144, 147 (2d Cir. 2001) (noting general rule that prisoners must use § 2255 to challenge a sentence as violating the Constitution or laws of the United States).   However, Lauria has already filed (and litigated) a petition under that section; therefore, he cannot file a new petition for relief without obtaining the permission of the Court of Appeals to file a successive petition. *See* 28 U.S.C. § 2255(h); <u>Johnson v. United States</u>, 623 F.3d 41, 43 (2d Cir. 2010). Because petitioner did not obtain the Court's permission to file a second petition under § 2255, this court lacks jurisdiction to consider what amounts to a successive petition under 28 U.S.C. § 2255.   Section 2255(h) establishes "a gatekeeping mechanism by which circuit courts were assigned the task of deciding in the first instance whether a successive federal habeas corpus application could proceed.'" *Redd*, 735 F.3d at 90-91 (quoting *Haouari v. United States*, 510 F.3d 350, 352 (2d Cir. 2007)). *See* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive on

5

collateral review by the Supreme Court, that was previously unavailable.").   Accordingly, a petitioner seeking to file a second or successive petition must move the Court of Appeals for an order authorizing the      district court to consider the petition.  *See* § 2244(b)(3)(A). In the absence of such an order, the district court lacks jurisdiction to consider the new claims. *Nelson v. United States*, 115 F.3d 136 (2d Cir. 1997).   Because Lauria did not have an order from the Court of Appeals authorizing him to file a successive petition under 28 U.S.C. § 2255, this court lacks jurisdiction to rule on his motion.

As petitioner does not and cannot point to any new evidence that would undermine his conviction, and he identifies no new rule of constitutional law that was previously unavailable to him, his successive petition request would have to be denied. In addition, 28 U.S.C. § 2255(f) provides that:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>> (1) the date on which the judgment of conviction becomes final;
>> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Thus, even if the court determines that *Buck* established a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2255(h), the statute of limitations under 28 U.S.C § 2255(f)(3) precludes the court from reviewing Lauria's 28 U.S.C. § 2255 claim. *Buck* was

decided on February 27, 2017, whereas Lauria's motion based on *Buck* was docketed more than one year later on March 26, 2018. Further, Lauria does not direct the court's attention to any newly discovered evidence under 28 U.S.C. § 2255(f)(4) "that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." 28 U.S.C. § 2255(h)(1). To the extent Lauria discusses or challenges findings of fact regarding the quantity of drugs at issue in his case, these findings were made more than ten years before March 26, 2018.

Because Lauria's motion attacks the merits of the court's resolution of his previous § 2255 petition, rather than targeting the integrity of the proceeding, it should be construed as a successive § 2255 petition. As a successive petition, Lauria's motion is procedurally deficient because he did not acquire authorization from the Second Circuit to file a successive petition, as § 2255(h) requires. The Court should therefore either transfer the motion to the Second Circuit for possible certification or dismiss the motion as beyond the scope of Rule 60(b).

Rule 60(b) applies in § 2255 cases, but only "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez v. Crosby,* 545 U.S. 524, 532 (2005). To determine whether the Rule 60(b) motion properly challenges the integrity of the proceedings, the Supreme Court in *Gonzalez* looked to whether the motion asserted a "claim," which would render the motion a successive petition. *Gonzalez,* 545 U.S. at 530. A motion can be said to present a claim even if "it attacks the federal court's previous

resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id*. at 532.   When a Rule 60(b) motion presents claims that require a successive § 2255 petition, the District Court has two procedural options: (1) treating the motion as a successive § 2255 petition and transferring the case to the Second Circuit for possible certification or (2) denying the motion as beyond the scope of Rule 60(b). *Harris v. U.S.,* 367 F.3d 74, 82 (2d Cir. 2004) .

Thus, Laurias' motion should be regarded as a procedurally deficient successive § 2255 petition.   The Court should either transfer it to the Second Circuit for possible certification or dismiss it as an improper Rule 60(b) motion.

For all of the above stated reasons, the Government respectfully requests that the petitioner's motion be denied.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

/s/ Peter D. Markle

PETER D. MARKLE
ASSISTANT U.S. ATTORNEY
FEDERAL BAR NO. CT05098
157 CHURCH STREET
NEW HAVEN, CT 06510
203-821-3700

<u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on September 12, 2018, a copy of the foregoing Government's Response was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.   Parties may access this filing through the court's CM/ECF System.

Gordon Lauria, pro se
Reg. No. 10210-014
FCI Danbury -
331/2 Pembroke Rd.
Danbury, CT 06811

/s/ Peter D. Markle
ASSISTANT U.S. ATTORNEY
Federal Bar No. CT05098
157 Church Street, 23rd Floor
New Haven, CT   06510
Tel.: (203) 821-3700
Fax: (203) 773-5315
Peter.Markle@usdoj.gov