UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 3:96CR185(RNC) |
| v. | |
| GORDON LAURIA | April 30, 2020 |

### GOVERNMENT'S RESPONSE IN OPPOSITION TO MOTION
### TO MODIFY TERM OF IMPRISONMENT

The defendant, Gordon Lauria, has filed a motion to Modify the Term of Imprisonment, (670), and seeks immediate release. The Court has ordered the Government to respond on or before April 30, 2020. The Government has reviewed Lauria's motion and respectfully submits that it should be denied for the reasons set forth below.

The Court and the Government are well aware of Defendant Lauria's litigious history and his relentless efforts to have his sentence reduced. The Court has previously considered Lauria's claims and after full and fair briefing and proper consideration, the Court has found his contentions to be meritless and denied his prior motions. Similarly, his appeals to the Second Circuit Court of Appeals have been denied. The present motion is an attempt to rehash and re-litigate claims that this Court has repeatedly considered and appropriately rejected.

Lauria attempts to disguise his effort to revisit these settled issues by suggesting that his motion is based on "extraordinary and compelling reasons...." A closer examination of his motion reveals that it is not based on "extraordinary" or "compelling" reasons. By referencing and invoking the "compassionate release" procedure as set forth in Title 18, U.S.C., Section 3582, Lauria takes the opportunity to set forth the history of his previously unsuccessful litigation and to, once again, posit his previously rejected arguments. The provisions of Title 18,

1

U.S.C., Section 3582 do not provide for litigation of such claims and the motion should be denied.

**EXHAUSTION OF ADMINISTRATIVE RIGHTS**

The compassionate release statute requires that a request be presented first to the Bureau of Prisons ("BOP") for its consideration.[1] Only after 30 days have passed, or the defendant has exhausted all administrative rights to appeal BOP's failure to move on the defendant's behalf, may a defendant move for compassionate release in court.  That restriction is mandatory, and it continues to serve an important function even during the present crisis.  Because the defendant has failed to satisfy this requirement, the Court lacks the authority to grant his motion.  *See. e.g., United States v. Gileno*, No. 3:19CR161 (VAB), 2020 WL 1307108, at *3 (D. Conn. Mar. 19, 2020) ("As a threshold matter, Mr. Gileno has not satisfied the requirement under 18 U.S.C. § 3582(c)(1)(A) to first request that the Bureau of Prisons file a motion on his behalf and then show that thirty days have passed without any BOP action [so], the Court cannot consider his motion to modify his sentence."); *see also United States v. Colvin*, No. 3:19CR179 (JBA), 2020 WL 1613943, at *2 (D. Conn. Apr. 2, 2020) ("Section 3582(c)(1)(A) plainly imposes an exhaustion requirement which must be satisfied before a defendant may move the court for release."); *United States v. Gotti*, No. 02 CR 743-07 (CM), 2020 WL 497987, at *1 (S.D.N.Y. Jan. 15, 2020) ("A court may now consider a motion for compassionate release made by a defendant who has exhausted his administrative remedies by petitioning the Director of the BOP

---

[1] The compassionate release statute provides, in pertinent part:
The court may not modify a term of imprisonment once it has been imposed except that—
(1) in any case—
(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . . 18 U.S.C. § 3582(c)(1)(A).

to make such a motion, assuming the Director fails to act on the inmate's request within thirty days[.]")

While the Government maintains that the time limitation in § 3582(c)(1)(A) is jurisdictional, even if not jurisdictional, the exhaustion requirement of § 3582(c)(1)(A) is at least a mandatory claim-processing rule and must be enforced if a party "properly raise[s]" it. *Eberhart v. United States*, 546 U.S. 12, 19 (2005) (*per curiam*) (holding that Fed. R. Crim. P. 33, which permits a defendant to move for a new trial within 14 days of the verdict, is a non-jurisdictional but mandatory claim-processing rule); *United States v. Monzon*, No. 99CR157 (DLC), 2020 WL 550220, at *2 (S.D.N.Y. Feb. 4, 2020) ("It is unnecessary to resolve here whether § 3582(c) creates a jurisdictional bar to the modification of Monzon's sentence or simply sets forth a statutory exhaustion requirement. If it imposes the latter, it must be 'strictly enforce[ed].'").

The defendant further appears to argue that even if the exhaustion requirement does apply, the Court should waive the requirement of Section 3582(c)(1)(A) that would otherwise require Lauria to exhaust his administrative remedies in light of the unique circumstances of the COVID-19 pandemic. The reason for the thirty day requirement is to permit the BOP to complete a diligent and thorough review, with its considerable expertise concerning both the inmate and the conditions of confinement. The current crisis is no different. BOP began planning for potential coronavirus transmissions in January 2020 and has taken many preventive and mitigation measures, including the following: all incoming inmates are screened, and staff are regularly screened; contractor visits are limited to essential services; nearly all attorney, social, and volunteer visits have been suspended; inmate movements between facilities have been extremely limited; and institutions are taking additional steps to modify operations to

maximize social distancing.  The provision of § 3582(c)(1)(A) prioritizing administrative review therefore makes sense not just in the ordinary case, but also under these exceptional circumstances.  Even if this Court could ignore the mandatory exhaustion requirement, BOP should still be permitted to engage in that review.  Thirty days have not yet passed and in the Government's view, Lauria should first be required to exhaust his administrative remedies before moving for release with the Court.

**THE STATUTORY REQUIREMENTS**

If, however, the Court reaches the merits here, under 18 U.S.C. § 3582(c)(1), a "court may not modify a term of imprisonment once it has been imposed except" in two limited circumstances, only one of which applies here—namely, under Section 3582(c)(1)(A)(i), a court may reduce a sentence if "extraordinary and compelling reasons warrant such a" reduction.  Section 1B1.13 of the Sentencing Guidelines further explains that a sentence reduction under § 3582(c)(1)(A) may be ordered where a court determines, "after considering the factors set forth in 18 U.S.C. § 3553(a)," that "(1)(A) extraordinary and compelling reasons warrant the reduction; . . . . (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) the reduction is consistent with this policy statement." *Colvin*, 2020 WL 1613943, at *2-3 (citing the Guidelines).  Finally, Application Note 1 specifies that "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover" constitutes "extraordinary and compelling reasons" which justify compassionate release.  *Id.* at *2.

The Government would note that the defendant does make a cursory reference, on page 7 of his 8 page motion, to a fact that, if credible, may provide a basis for consideration, wherein he

alleges that he suffers from hypertension. However, as Mr. Lauria provides no medical records to support such a claim or to establish the extent of his medical condition, it is impossible for the Government to respond or for the Court to appropriately consider and make an informed decision regarding his request for compassionate release. Further, Mr. Lauria does not provide adequate facts for the Court to find that a waiver of the 30 day rule is warranted. There is no basis to support or determine the extent of Mr. Lauria's alleged health condition and certainly no basis upon which the Court can find that the delay caused by the 30 day rule would put him at "significant risk of suffering catastrophic health consequences." That being said, the Government is well-aware of, and concerned with, the potential impact of the COVID virus on the well-being of inmates. Our office has made every effort to properly and expeditiously consider any and all claims regarding exposure to the virus and the impact on the health of individual inmates. However, the unsupported claim of hypertension, with no corroboration or additional information is not sufficient to warrant a reduction to an inmate's sentence.

      The Government would respectfully submit that Mr. Lauria's motion should be denied but that the portion of his motion regarding his medical condition and the COVID virus be denied without prejudice. In so doing, the Court would appropriately limit Mr. Lauria's future litigation to facts and claims that are properly raised pursuant to 18 U.S.C. Section 3582 and to further address his health concerns if warranted, while foreclosing litigation as to issues previously raised and ruled upon.

       Respectfully submitted,

       JOHN H. DURHAM
       UNITED STATES ATTORNEY

       */s/ Peter D. Markle*
       PETER D. MARKLE
       ASSISTANT UNITED STATES ATTORNEY
       Federal Bar No. ct05098
       157 Church Street, 25th Floor
       New Haven, CT 06510
       (203) 821-3700

CERTIFICATION OF SERVICE

  I HEREBY CERTIFY that on April 30, 2020, a copy of the foregoing was filed electronically, and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

  A copy of the foregoing has also been sent to:

Gordon Lauria
#10210-014
DANBURY
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
ROUTE 37
DANBURY, CT 06811

            */s/ Peter D. Markle*
            PETER D. MARKLE
            ASSISTANT UNITED STATES ATTORNEY